<table>
<tr><td>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>August 13, 2014</u></td></tr>
</table>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                            :

NOLAN CRUZ-CASTILLO,                 :

                Petitioner,           :

        - against -               :

UNITED STATES OF AMERICA,     :

                Respondent.       :
-----------------------------------------------------------X

11 Cr. 398 (PAC)
14 Civ. 847 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

        On February 3, 2014, Nolan Cruz-Castillo ("Cruz-Castillo"), filed a *pro se* petition

pursuant to 28 U.S.C. § 2255, to vacate, set aside, and/or correct his sentence because (1) defense

counsel failed to provide effective assistance because he did not provide adequate interpretations

and assistance during the plea bargaining process, (2) he was denied due process by the

government's constructive amendment of the indictment, (3) the district court was without

jurisdiction to accept his guilty plea, and (4) the Court acted vindictively by increasing his

sentence. Cruz-Castillo also filed a motion for return of property under Federal Rule of Criminal

Procedure 41(g).

        Cruz-Castillo previously waived his right to appeal or collaterally challenge any sentence

within or below the Stipulated Guidelines Range of 87-108 months, and the Court sentenced

Cruz-Castillo within that range. Furthermore, three of these grounds have been raised and

rejected by the Court and the Second Circuit in this case and they fare no better on their

repetition here. *See* Order, ECF No. 18, at 5–7 ("Cruz-Castillo fails to demonstrate ineffective

assistance of counsel in connection with his decision to plead guilty."); Summary Order, *United

States v. Cruz-Castillo*, No. 12-2980-cr (2d Cir. Nov. 1, 2013), ECF No. 59 (holding that "the

district court did not abuse its discretion in denying Cruz-Castillo's motion to withdraw his plea"
and that the imposition of a sentence of 99 months imprisonment was not unreasonable); *see also
Reese v. United States*, 329 Fed. Appx. 324, 327 (2d Cir. 2009) ("We therefore conclude that
[defendant's] challenge . . . pursuant to section 2255 is barred because the same issue he seeks to
raise was or could have been raised on direct appeal."). As to Cruz-Castillo's new argument
regarding constructive amendment of his indictment, it is doubtful that this argument is available
to a defendant who has pled guilty. *See Thomas v. United States*, No. 04-CV-5290, 2006 WL
27442, at *5 & n.4 (S.D.N.Y. Jan. 4, 2006). Even if the claim were available to Cruz-Castillo,
no variance from the indictment occurred here. *See United States v. Rigas*, 490 F.3d 208, 227
(2d Cir. 2007) (holding that an indictment has been constructively amended when the evidence
or the jury charge "so altered an essential element of the charge that, upon review, it is uncertain
whether the defendant was convicted of conduct that was the subject of the grand jury's
indictment" (internal quotations omitted)). Accordingly, Cruz-Castillo's petition to vacate his
sentence is DENIED.

Cruz-Castillo also moves for return of his property under Federal Rule of Criminal
Procedure 41(g). Specifically, Cruz-Castillo requests that the Government return to him
$1,895.00 in U.S. currency, three passports, a birth certificate, a U.S. resident card, one Insure
card, and three cellphones. On August 4, 2014, the Government responded to the motion,
explaining that the birth certificate was not seized and that the Department of Homeland Security
("DHS") made multiple attempts in 2011 to contact Cruz-Castillo regarding the money but it was
forfeited after he failed to respond. (Letter from Harris M. Fischman to the Hon. Paul A. Crotty,
Aug. 4, 2014, ECF No. 40, at 1-2). This is insufficient. The Court requests further information
about how the money was forfeited and the type of notice DHS provided to Cruz-Castillo.

Accordingly, the Court ORDERS the Government to provide a declaration and/or supporting documentation explaining the process by which the currency was forfeited within 30 days of this Order.

## CONCLUSION

Cruz-Castillo's petition for habeas corpus is DENIED.  Since Cruz-Castillo has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.  The Clerk of Court is directed to enter judgment.  After the Government submits a declaration and/or supporting documentation, the Court will rule on Cruz-Castillo's Rule 41(g) motion.

Dated: New York, New York          SO ORDERED
      August 13, 2014

                                            PAUL A. CROTTY
                                            United States District Judge

Copy Mailed By Chambers To:
Nolan Cruz-Castillo
91710-054
Moshannon Valley Correctional Center
555 Geo Drive
Philipsburg, PA 16866